UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Willie Moses Anderson, ) | |
| ) | C/A No. 04:06-3338-GRA-TER |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| State of South Carolina, et. al., ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court for review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., and filed on December 7, 2006. Petitioner filed this action on November 27, 2006, pursuant to 42 U.S.C. § 1983. The magistrate recommends dismissing Petitioner's complaint *without prejudice* and without issuance and service of process. The magistrate further recommends deeming this case a "strike" pursuant to 28 U.S.C. § 1915(g).

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

1

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Petitioner timely filed objections to the Report and Recommendation on December 15, 2006.

After reviewing Petitioner's objections, this Court finds that the objections fail "to direct the court to a specific error" in the magistrate's Report and Recommendation. *Orpiano*, 687 F.2d at 47. Petitioner's objections to the Report and Recommendation are not specific enough to warrant consideration by this Court. Petitioner merely restates his original complaint, once again outlining the alleged errors committed by his attorneys. Therefore, this Court determines that review of Petitioner's objections is unnecessary.

After a review of the record, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that Petitioner's case be DISMISSED, without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

January 4, 2007

Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.